**IN THE US DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

---

MARYAM TILLMAN-AHMED and :
ALI AHMED, w/h :
98 Howard Drive :
Hamden, CT 06514, :            **CIVIL ACTION – LAW**
               Plaintiffs, :            No. _____
   vs. :
   :
GREAT WOLF LODGE OF THE POCONOS, LLC:
individually and d/b/a :
GREAT WOLF LODGE and :
GREAT WOLF WATER PARK :
c/o COGENCY GLOBAL INC. :
600 N. 2nd Street :
Harrisburg, PA 17101, :
  :
   and :
  :
GREAT WOLF RESORTS HOLDINGS, INC. :
individually and d/b/a :
GREAT WOLF LODGE and :
GREAT WOLF WATER PARK :
c/o COGENCY GLOBAL INC. :
600 N. 2nd Street :
Harrisburg, PA 17101 :
  :
   and :
  :
GREAT WOLF SERVICES, LLC :
individually and d/b/a :
GREAT WOLF LODGE and :
GREAT WOLF WATER PARK :
c/o COGENCY GLOBAL INC. :
600 N. 2nd Street :
Harrisburg, PA 17101, :
              Defendants. :

---

<u>**Civil Action Complaint**</u>

    1.    Plaintiff, Maryam Tillman-Ahmed (hereinafter "Plaintiff"), is an adult individual

who resides at the above referenced address, At all times relevant to this action, Plaintiff is and

continues to be a resident of the State of New York.

2.     Plaintiff, Ali Ahmed, (hereinafter "Plaintiff Husband"), is an adult individual who resides at the above referenced address. At all times relevant to this action, Plaintiff Husband is and continues to be a resident of the State of New York.

3.     At all relevant times, Plaintiff, Maryam Tillman-Ahmed and Plaintiff, Ali Ahmed were and continue to be legally married.

4.     Defendant, Great Wolf Lodge of the Poconos, LLC., individually and d/b/a Great Wolf Lodge and or Great Wolf Lodge Water Park (hereinafter "Defendant Great Wolf") is a Delaware limited liability company, with a registered agent at the above referenced address located in Dauphin County, Pennsylvania.

5.     Defendant, Great Wolf Resorts Holdings, Inc., individually and d/b/a Great Wolf Lodge and or Great Wolf Lodge Water Park (hereinafter "Defendant Great Wolf") is a Delaware corporation, with a registered agent at the above referenced address located in Dauphin County, Pennsylvania.

6.     Defendant, Great Wolf Services, LLC., individually and d/b/a Great Wolf Lodge and or Great Wolf Lodge Water Park (hereinafter "Defendant Great Wolf") is a Delaware limited liability company, with a registered agent at the above referenced address located in Dauphin County, Pennsylvania.

7.     Neither of the Plaintiffs is from the same state as any of the Defendants and the value of the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. Therefore, this Court has jurisdiction of this action pursuant to complete diversity of citizenship among the parties under 28 U.S.C. § 1332.

8.     At all times material hereto, Defendants, individually, jointly and/or severally engaged in the amusement park, water park and entertainment business.

9.      Upon information and belief, at all material times hereto, Defendants, individually, jointly and/or severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of their relationships with Defendants, owned, possessed, managed, constructed, designed, maintained, operated and/or controlled the property known as Great Wolf Lodge and Great Wolf Water Park, located at 1 Great Wolf Lodge Drive, Scotrun, Monroe County, Pennsylvania, (hereinafter, referred to as the "Great Wolf Water Park"), including its water slides, rides and attractions.

10.     Upon information and belief, at all material times hereto, Defendants, individually, jointly and/or severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of their relationships with Defendants, acted and/or failed to act in the ownership, possession, management, construction, design, maintenance, operation and/or control of Great Wolf Water Park, including its water slides, rides and attractions.

11.     On or about May 8, 2018, in the late morning or early afternoon, Plaintiff lawfully entered Great Wolf Water Park after paying the fee, for purposes associated with Defendants' water park and amusement business.

12.     At all times material hereto, Plaintiff was a business invitee of Defendants, and as such was owed the highest duty of care by Defendants.

13.     At the same time and date as described above, Plaintiff chose to ride one of Defendants' water slides.

14.     Upon information and belief, individuals sliding down the aforesaid slide would travel at a high rate of speed as they slid down the slide and land in a pool located at the bottom of the slide.

15.     At all times relevant, this attraction was operated, monitored and/or supervised by two or more attendants who were Defendants' agents, servants and/or employees, acting within the course, scope, and authority of his employment, agency and/or service: one located at the top of the slide and one located at the bottom of the slide.

16.     Upon information and belief, the responsibility of the aforesaid attendants was to ensure the safety of business patrons who were using the slide, specifically, by limiting the number of riders on the slide at one time and by ensuring there was safe timing and spacing between riders on the slide.

17.     At the same time and date as described above, Plaintiff climbed to the top of the slide and waited until a ride attendant instructed her that it was safe to go down the slide, at which time.

18.     At the same time and date as described above, upon being instructed by the attendant at the top of the slide that it was safe to proceed, Plaintiff sat properly on the slide, and slid down using all due care and caution for her own safety.

19.     At the same time and date as described above, immediately upon reaching the bottom of the slide, Plaintiff was suddenly and forcefully stuck, without warning by the another rider who had been allowed to slide down the slide by one or more of the rider attendants.

20.     Upon being struck, Plaintiff was thrust forward with tremendous force and propelled into the solid, hard wall of the pool.

21.     As a direct and proximate result of the speed and force of these impacts, Plaintiff suffered severe, permanent, and debilitating personal injuries.

22.     Upon information and belief, the slide attendants had negligently and carelessly instructed, directed, permitted and/or otherwise allowed another rider to go down the slide without before Plaintiff had completed her ride and was a safe distance from the slide.

23.     Upon information and belief, the slide attendants had negligently and carelessly failed to ensure there was a safe amount of time and space between Plaintiff and the rider that had descended immediately after Plaintiff.

24.     Plaintiff's injuries were directly and proximately caused by the negligence and carelessness of Defendants, directly and/or by and through its agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting in the course and scope of such authority, as set forth more fully herein.

25.     Plaintiff in no way or manner contributed to her resulting injuries.

26.     As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has suffered and may in the future continue to suffer debilitating bodily injuries, severe pain, anxiety, depression, emotional and mental distress, humiliation, embarrassment, and/or loss of pleasures and enjoyment of life, and serious impairment of one or more bodily functions.

27.     As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has undergone and may in the future undergo various reasonable and necessary medical treatments.

28.     As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has been and/or may in the future be required to spend money for medical treatment in an

effort to treat and cure her of the injuries she sustained, to Plaintiff's ongoing detriment and financial loss.

29.     As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has been and may in the future be hindered and/or prevented from attending to and/or fully performing her usual and customary duties, hobbies and/or avocations, to her ongoing detriment and loss.

30.     As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has been prevented and may in the future may be prevented from being gainfully employed, resulting in a loss of earning and/or an impairment of her earning capacity, to her ongoing detriment and loss.

### Count I - Negligence
### Maryam Tillman-Ahmed v. All Defendants

31.     Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

32.     The individual, joint and/or several negligence and carelessness of the Defendants, directly and/or by and through their agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the course and scope of such relationship, included:

      a.  Operating Defendants' water slide without due regard for the rights, safety, wellbeing, and position of its business invitees, including Plaintiff, specifically by failing to pace and monitor the guests sliding down the subject slide;

      b.  Failing to provide, install and/or adopt adequate safety devices, components, protocols, and/or precautions to reasonably protect and safeguard the wellbeing of users of the Defendants' attraction such as Plaintiff under the aforesaid circumstances;

      c.  Failing to limit the number of guests riding the subject slide so as to prevent one guest from striking another;

d.  Failing to monitor and control the number of and space between guests allowed on the slide at one time;

e.  Failing to properly instruct, train and/or supervise its agents, servants and/or employees with respect to the proper and safe operation of the attraction in which Plaintiff was injured under the aforesaid circumstances;

f.  Entrusting the operation of the aforesaid slide to agents, servants and/or employees, when said agents, servants and/or employees were unfit to and incapable of operating said attractions and slides with due regard for the rights, safety, wellbeing and position of business invitees in Plaintiff's position;

g.  Hiring, employing or otherwise authorizing agents, servants and/or employees to operate Defendants' water park slide attraction under the aforesaid circumstances despite such employees' inexperience, inability and/or incompetence to carefully and safely to do so;

h.  Failing to adequately or properly warn Plaintiff and/or other adults as to the risks they faced by sliding down the slide without proper supervision exercised or control rendered by Defendants' agents, servants or employees;

i.  Failing to take reasonable precautions to prevent the aforesaid agents, servants and/or employees from operating a water slide attraction under the aforesaid circumstances, at a time when they were incapable of operating such attraction safely and with due and proper care for business invitees, including Plaintiff; and

j.  Failing to train Defendants' staff in the proper and safe timing between riders of the aforesaid slide.

**WHEREFORE,** Plaintiff Maryam Tillman-Ahmed, demands judgment in her favor and individually, jointly and/or severally against Defendants, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs and with such further relief as this Court may deem appropriate.

### Count II -Loss of Consortium
### Ali Ahmed v. All Defendants

34.  Plaintiff Husband incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

35.     As a direct and proximate result of the individual, joint and/or several negligence and carelessness of the Defendants, and Plaintiff's resulting injuries, Plaintiff Husband suffered and may in the future suffer the loss of aid, assistance, and comfort of his wife.

36.     As a direct and proximate result of the individual, joint and/or several negligence and carelessness of Defendants, and Plaintiff's resulting injuries, Plaintiff Husband has expended and may in the future expend specific time, care and/or treatment to his wife.

**WHEREFORE,** Plaintiff, Ali Ahmed, demands judgment in his favor and individually, jointly and/or severally against Defendants , in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs and with such further relief as this Court may deem appropriate.

OSTROFF LAW, PC
Attorneys for Plaintiffs

Date: 1/30/2020                    By: _Richard Godshall_____

                                                              Richard A. Godshall, Esquire
                                                              518 E. Township Line Road, Suite 100
                                                              Blue Bell, PA 19422
                                                              610-279-7000

**Verification**

The undersigned, plaintiff in this action, verify that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signors have relied upon counsel in taking said verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
Maryam Tillman-Ahmed
Plaintiff

## Verification

The undersigned, plaintiff in this action, verify that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signors have relied upon counsel in taking said verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
Ali Ahmed
Plaintiff